UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARY A. RAY | * | CIVIL ACTION NO. 17-5881 |
| | * | |
| | * | SECTION: "G"(1) |
| VERSUS | * | |
| | * | JUDGE NANNETTE JOLIVETTE |
| BOBBY DAWSON, JR., CUBESMART | * | BROWN |
| MANAGER, POOR EMPLOYEES | * | |
| | * | MAGISTRATE JUDGE |
| | | JANIS VAN MEERVELD |
| ************************************** | * | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Cary A. Ray filed the above-captioned matter in this Court. On June 22, 2017, this Court granted Ray's Application to Proceed in District Court without Prepaying Fees or Costs. Accordingly, Ray is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>  . . .
>     (B) the action or appeal –
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31–32 (1992). Of course, where a *pro se* plaintiff's complaint might be remedied by further factual development and an opportunity to amend, dismissal would not be appropriate until the plaintiff was given this chance. Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994) (explaining that a Spears hearing or prisoner

1

questionnaire can be used to remedy inadequate prisoner pleadings). However, a claim may be dismissed as factually frivolous where it is fantastic, fanciful, delusional, irrational or wholly incredible. Denton, 504 U.S. at 32; see Flores v. U.S. Atty. Gen., 434 F. App'x 387, 388 (5th Cir. 2011); Eason 14 F.3d at 8.

Further, "[w]hen a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." Dilworth v. Dallas Cty. Cmty. Coll. Dist., 81 F.3d 616, 617 (5th Cir. 1996). In Dilworth, the Fifth Circuit refused to exercise jurisdiction where the plaintiff complained that a professor at his community college had reduced his grade from an A to a B because he was marked absent for six classes. Id. at 616-17. Although the professor ultimately changed the grade to an A after plaintiff appealed to the Vice President of Instruction, plaintiff filed a lawsuit alleging violation of his right to due process, equal protection, and liberty and property rights. Id. at 617. He alleged that he had been denied the opportunity to compete for academic scholarships, although he did not allege that he had applied for any scholarships. Id. In dismissing the appeal of the district court's granting of defendant's motion for summary judgment, the Fifth Circuit determined there was no federal jurisdiction, explaining:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

Id. (quoting Raymon v. Alvord Indep. Sch. Dist., 639 F.2d 257, 257 (5th Cir. 1981)).

Additionally, where this Court does not have subject matter jurisdiction over a plaintiff's claim, the complaint must be dismissed. "Subject matter jurisdiction may not be waived, and the

district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.[1] On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

Here, Ray alleges that a manager at Cubesmart (a self-storage company) and certain "Cubesmart poor black employees" called the police and lied to the three officers who arrived on the scene, saying that Ray had threatened to murder the employees. Ray alleges that "they tried to wrongfully imprison me." Ray seems to allege that this occurred because he texted CNN.com, BET.Com, President Donald Trump, former President Barack Obama, and the chairman of Apple Corporation telling them that "they" are stealing Apple's iPhone7 Technology for China "with poor U.S. Post Office Employees." Ray says he was sold a fake Apple iPhone7 and Smart Watch that were delivered by the U.S. Post Office. He also asserts that the fakes are being delivered to Cubesmart.

---

[1] The fact that defendants have not been served does not prevent dismissal here. "A district court may dismiss an IFP proceeding for frivolousness . . . at any time, before or after service of process and before or after the defendant's answer." Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

Ray does not say what relief he seeks. He does not allege a basis for federal jurisdiction. He has named only the Cubesmart Manager and the "Poor Employees" as defendants. The Court cannot discern what cause of action he may be attempting to state. The harms he complains of seem to be an attempted wrongful imprisonment and the sale of a fake iPhone 7 and Smart Watch—but it is unclear how these torts could implicate this Court's jurisdiction. His claim that an unidentified "they" are stealing technology for China and that the purported wrongful imprisonment results from his text messages to news sources and national leaders regarding this theory are the type of fanciful and delusional claims that require a finding of frivolousness here. Further, because it is frivolous, the Complaint should be dismissed with prejudice. See Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that "dismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice").

Accordingly,

IT IS RECOMMENDED that the plaintiff's suit be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 23rd day of June, 2017.

                                              _____
                                                 Janis van Meerveld
                                          United States Magistrate Judge